## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**DREW CURTIS HARTLEY,**[1]
      **Plaintiff,**

**vs.**                      **Case No. 3:09cv126/WS/MD**

**WARDEN D. ELLIS, et al.,**
      **Defendants.**

---

## REPORT AND RECOMMENDATION

      This cause is before the court upon plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 16) and memorandum (doc. 17).  For the reasons that follow, this case should be dismissed.


## BACKGROUND AND PROCEDURAL HISTORY

      Plaintiff, an inmate of the Florida penal system proceeding *pro se*, commenced this action on March 25, 2009 by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1), a motion for leave to proceed *in forma pauperis* (doc. 2), a motion for temporary restraining order and/or motion for preliminary injunction (doc. 3), a motion to appoint counsel (doc. 4), and a motion to dispense with the requirement of security (doc. 5).  On April 2, 2009, the undersigned recommended dismissal of the complaint under the "three strikes" provision of 28 U.S.C. § 1915(g).  (Doc. 7).  Although plaintiff sought and was granted an extension of time to file objections to the Report and Recommendation, (docs. 10, 11), he did not file objections.  The Report and Recommendation was referred to the District Judge on May 12, 2009.  The next day the court received plaintiff's motion to amend the complaint.  (Doc. 12).

---

[1]**Plaintiff's Florida Department of Corrections "DC" Number is 268221.**

Because the district court had not entered judgment, it was plaintiff's first amendment and no responsive pleading had been filed, the undersigned granted the motion to amend. (Doc. 13). *See Brown v. Johnson*, 387 F.3d 1344, 1348-49 (11ᵗʰ Cir. 2004) (holding that when a party moves to amend following the magistrate judge's report and recommendation but before the district court has entered judgment and before the opposing party has filed a responsive pleading, Rule 15(a) mandates that the district court grant the motion to amend.); *see also e.g., Hall v. Secretary for Dep't of Corrections*, 219 Fed. Appx. 868, 868-69 (11ᵗʰ Cir. 2007) (same).  On July 5, 2009, plaintiff filed his amended complaint and memorandum.  (Docs. 16, 17, respectively).  The Report and Recommendation issued on April 2, 2009 has been vacated.  (Doc. 18).

## DISCUSSION

The *in forma pauperis* statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Plaintiff is well aware of this section as evidenced by this Court's recognition of plaintiff's status as a "three striker" in *Hartley v. Shaw*, Case Number 5:08cv244/RS/MD.[2]  As set forth in the Report and Recommendation in that case, plaintiff has had three or more prior prisoner actions dismissed by the United States District Court for the Middle District of Florida on the grounds that they were frivolous or malicious: Case Number 3:06cv664 (dismissed for plaintiff's abuse of

---

[2]*See* Docs. 6 and 11 in that case.

the judicial process),[3] Case Number 8:94cv2020 (dismissed as frivolous), Case Number 8:94cv1481 (dismissed for plaintiff's abuse of the judicial process), and Case Number 8:94cv953 (dismissed as frivolous).

Thus, by the time plaintiff brought the instant action, he knew that he had three strikes and could not proceed *in forma pauperis*. The issue before the court is whether plaintiff qualifies under the "imminent danger of serious physical injury" exception and, therefore, is entitled to proceed *in forma pauperis*.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed *in forma pauperis*. According to the Eleventh Circuit in *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.; Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979); *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts indicating that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Brown*, 387 F.3d at 1350 (citing *Martin*, 319 F.3d at 1050). Vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado*, 157 F.3d

---

[3]A case dismissed as an "abuse of the judicial process" counts as a strike under 28 U.S.C. § 1915(g). *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that the dismissal of a case as a sanction by the Middle District properly counted as a "strike" under the "three strikes" provision of the PLRA pursuant to 28 U.S.C. § 1915(g), where the plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit [filed by him]," and although the district court in dismissing the case "may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting Section 1915(g)").

1226, 1231 (10th Cir. 1998); *see also Skillern v. Paul*, 202 Fed. Appx. 343, 344 (11th Cri. Oct. 4, 2006) (holding that prisoner's "vague statement" that deprivation of his prescribed medication <u>may</u> result in suffering serious physical injury did not satisfy the exception to § 1915(g) where prisoner "did not present any description of the condition giving rise to this prescription . . . and never alleged that he suffered any physical injury as a result of not receiving the medication). Furthermore, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *Medberry*, 185 F.3d at 1193. A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

In the instant case, the facts alleged by plaintiff do not show that at the time he initiated this action he was in imminent danger of serious physical injury or was suffering ongoing serious physical injury. Plaintiff's amended complaint presents a running chronology of events occurring at Santa Rosa Correctional Institution (Santa Rosa CI) since November 17, 2008. Specifically, plaintiff claims that the named defendants disorganized his legal property, issued false disciplinary reports, retaliated against him for filing grievances and lawsuits, verbally harassed him, subjected him to a cold strip cell, and twice (on December 13, 2008 and January 16, 2009) while plaintiff was housed in D-dorm, threatened the use of chemical agents without justification and then followed through with the threat shortly thereafter.[4]

---

[4]Plaintiff states that while housed in D dorm on December 13, 2008, a chemical agent was used on him after an officer "faked" that plaintiff was threatening to throw a food tray at him. (Doc. 1, p. 24). Plaintiff states that on January 16, 2009, a chemical agent was used on him after an officer "falsely

(Doc. 16, pp. 32-41 in CM/ECF). However, the last use of chemical agents occurred on January 16, 2009 (over two months prior to plaintiff initiating this civil rights action on March 25, 2009), and plaintiff now admits (although he did not disclose in his original complaint) that he was transferred to North Florida Reception Center on March 24, 2009 (doc. 16, p. 40 ¶ 70 in CM/ECF), the day before he initiated this case. Thus, any threat posed by the offending officers at Santa Rosa CI had ceased prior to the filing of plaintiff's complaint. *Medberry, supra*.

Plaintiff attempts to overcome this deficiency with allegations of conduct occurring after he returned to Santa Rosa CI on May 8, 2009. Specifically, in his amended complaint filed on July 5, 2009, he alleges:

> On May 8, 2009, Plaintiff was transferred back to SRCI. Prison officials unlawfully confiscated Plaintiff's personal property until June 10, 2009.

> On May 8, 2009, Plaintiff was threatened with chemical agents as soon as he arrived to his assigned housing dorm. The incident was videotaped and the assigned Prison Inspector B. Smith and Warden Ellis are covering up during the grievance process.

> On May 9, 2009, Plaintiff was again threatened with chemical agents and strip-cell. The incident was videotaped showing the correctional officers beating on Plaintiff's steel door with steel shackles and handcuffs in the early morning hours and the assigned Prison Inspector B. Smith and Warden Ellis are again covering up during the grievance process.

> Since Plaintiff['s] return to SRCI May 8, 2009, he has been intentionally denied medical treatment for the severe gross nerve damage sustained during the January 16-22, 2009 strip-cell force. Plaintiff continues to needlessly suffer in extreme nerve damage pains of the left leg thigh and surrounding extremities. Plaintiff is also being denied needed medication for pain. Plaintiff's ability to properly walk has been effected and continues to decline due to a continued increase in the leg's loss of sensation. Plaintiff further avers that he is in immediate need of physical therapy and that his injuries pose a

---

claimed" that plaintiff was "yelling into the dorm and kicking on the cell door." (*Id*., p. 26).

**legitimate and serious threat to his future health in not being able to properly walk again. Moreover, Plaintiff is being detained in a one man close management disciplinary segregation cell with no recreational privileges that would provide him an opportunity to assist himself with physical therapy through personal exercise. Plaintiff suffers day to day as the SRCI medical personnel ignore Plaintiff's pleas while documenting inaccurate entries into Plaintiff's medical files in an attempt to shed the FDOC from liabilities for the injustices and injuries committed against Plaintiff.**

(Doc. 16, pp. 40-41 ¶¶ 71-74 in CM/ECF) (emphasis omitted).

Plaintiff's general allegations that he was twice warned or "threatened" with chemical agents upon his return over two months ago fail to show he is in imminent danger. Even when viewed in the context of the prior threats and uses of force, the allegations are insufficient to show that the warnings are part of a pattern evidencing the likelihood of imminent serious physical injury. The allegations provide little in the way of specificity, nor do they show a relationship to the prior use of chemical agents (by Captain Jackson, Lieutenant John Doe and Sergeant Quinn) or the threats preceding them. Finally, plaintiff's allegations of a self-diagnosed condition of "severe gross nerve damage" requiring pain medication and physical therapy through recreational privileges are unsupported. *See, e.g., Brown v. City of Philadelphia*, 2009 WL 1416709, at *2 (3rd Cir. May 21, 2009) (unpublished opinion) (describing plaintiff's allegations that "while housed in quarantine from November 2007 through February 2008, prison guards threatened his life, placed feces and urine in his cell, tampered with and contaminated his food, denied him heat and running water, denied him medical treatment, . . . encouraged other inmates to attack and threaten him, and failed to adequately protect him from inmate violence," as "setting forth myriad vague, generalized, and unsupported claims" which the district court was not required to credit in applying § 1915(g)).

Because plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed under § 1915(g). Leave should not

be provided so that he can pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2. That all pending motions be DENIED AS MOOT.

3. That the clerk be directed to close the file.

At Pensacola, Florida this 21st day of July, 2009.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).